■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS EBOLI, Also Known as RALPH EBOLI, Appellant, v. SHERIFF OF SUFFOLK COUNTY, Respondent.— In a proceeding treated as in the nature of habeas corpus, relator appeals from so much of a judgment of the Supreme Court, Suffolk County, entered December 23, 1969, as reduced his bail from $150,000 to $100,000. Judgment modified, on the law and the facts, by further reducing the bail to $20,000. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the amount of the bail, as reduced by the Special Term, is excessive to the extent indicated by the further reduction directed herein. Christ, Acting P. J., Rabin, Martuscello, Kleinfeld and Benjamin, JJ., concur.

■ JOHN RUSIN, Respondent, v. JACKSON HEIGHTS SHOPPING CENTER, INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. KEYSTONE FIREPROOFING CORP. et al., Third-Party Defendants-Appellants.— Separate motions by defendant-appellant and by third-party defendants-appellants for leave to appeal to the Court of Appeals from an order of this court dated November 24, 1969. Motions granted. In our opinion, questions of law have arisen which ought to be reviewed. The following question of law is certified: Was the order of this court, dated November 24, 1969, properly made: The findings of fact have been affirmed. Christ, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur; Martuscello, J., not voting.

## (January 19, 1970)

■ In the Matter of DIONYSIOS SPYROS SPYROPOULOS, Petitioner.— Application by petitioner for admission to the Bar of the State of New York without examination, on the ground that he was admitted to practice as an attorney in Greece. Application denied. Petitioner's practice of law in Greece does not constitute the practice of law in a foreign country whose jurisdiction is based upon the principles of the English common law, within the meaning of paragraph a of subdivision 1 of rule VII of the Rules of the Court of Appeals for Admission of Attorneys and Counselors at Law (22 NYCRR 527.1 [a]). Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.

■ In the Matter of ROBERT BLACK et al., Copartners Doing Business as WESTBURY GARDENS CO., Appellants, v. BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF WESTBURY, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination rendered November 18, 1968, which denied petitioners' application for a use variance to allow certain residential lots to be used as entrance and exit to an apartment complex, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered May 23, 1969, which dismissed the proceeding. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for review of respondent's determination on the merits. Respondent has the power pursuant to section 50-149 of the Village of Westbury Amended Building Zone Ordinance to determine whether or not to grant a use variance with respect to substandard building plots in a residential area, for use as an entrance to and exit from an apartment house complex. The Special Term is required to review the findings of fact made by respondent. Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.